LOTTINGER, Judge.
The plaintiff brings this tort suit for personal injuries sustained by her 13-year-old daughter who cut her foot while visiting her aunt. From a trial court judgment finding a lack of negligence on the part of the defendant’s insured, the plaintiff brings this appeal.
The issue on appeal is whether the defendant’s insured, Mrs. Dorothy Johnson, was negligent in failing to warn her 13-year-old niece of the flooded and potentially dangerous condition of her yard prior to the time this accident occurred. This suit was filed as a direct action against State Farm Fire & Casualty Company by Mary J. Beck-with, who appeared individually and on behalf of her minor daughter, Carolyn Lee Beckwith.
The 13-year-old Carolyn attended a slumber party at her aunt’s house on or about December 20, 1976. Carolyn stayed at her aunt’s house on the day following the slumber party to help clean up. While she was washing the dishes, a box or bottle of dish-washing detergent fell from the sill of an open window above the sink to the ground below.
When Carolyn walked outside to retrieve the detergent, she noticed the wet and muddy condition of her aunt’s yard and removed her suede shoes to prevent them from being damaged. The detergent had fallen near a water pump outside the kitchen window. Surrounding this pump was a two foot wide and approximately six inch deep ditch which had been dug by Mrs. Johnson to keep the pump from flooding. The ditch was full of water, as was much of the rest of the yard. Carolyn testified that as she leaped across the ditch she slipped and her left foot went into the ditch. Her left foot was severely cut when she slipped. She testified that the object her foot landed on felt like a sharp piece of iron or metal, but a search for such an object by the aunt and others on the day following the accident turned up nothing.
At the trial, Mrs. Johnson testified that about three or four days before the accident she noticed “a piece of metal which at the time I thought it had a curvature and it looked something like, you know, like a toy wagon that had been rusted.” She says she saw this metal object somewhere in her yard. She did not attempt to retrieve the object because her yard was flooded “and I just didn’t bother to go out.” Although the aunt and others could find nothing which caused the gash on young Carolyn’s foot, the aunt testified that some four months after the accident she found part of a metal drum that “looked like it might have been” the same piece of metal she saw three or four days prior to the accident. Mrs. Johnson also testified that she did not warn the children attending the slumber party about the flooded condition of her back yard because “at the time I figured no one would be outside anyway.”
In written reasons for judgment, the trial court stated that Mrs. Johnson did not know or have reason to know that there *157 was any “defect” in her yard prior to the accident which could have caused the injury to her niece. This factual conclusion is apparently incorrect in light of the direct testimony of Mrs. Johnson, who admitted on at least two occasions that she had noticed a piece of rounded metal in her yard some three or four days prior to the accident. The court expressly found that Mrs. Johnson was not negligent and apparently based its decision on the fact that the aunt was unaware of any conditions in her back yard prior to the accident that could have caused the injury. The trial court also seemed to find that young Carolyn was contributorily negligent since “the condition of the back yard was obvious to the young lady who was almost 14 years of age because she decided to take off her shoes prior to going after the detergent.”
A homeowner in Louisiana owes a duty to those present to make his or her premises reasonably safe. Carter v. Salter, 351 So.2d 312 (La.App. 3rd Cir. 1977), writ refused, 352 So.2d 1045 (La.1977). A homeowner has a duty to warn guests when there is an apparent danger foreseeably involving great risk of harm to the unwary. Dixon v. Allstate Insurance Company, 362 So.2d 1368 (La.1978).
Our review of the facts and circumstances of this case and of the law relative to negligence convinces us that Mrs. Johnson did not breach the duty owed to her guest on the premises. While it was certainly foreseeable that one of the attendants at the slumber party would venture outside into the flooded yard, Mrs. Johnson neither knew nor had reason to know of any apparent danger foreseeably involving great risk to the unwary which would have given rise to a duty to warn. Though Mrs. Johnson was aware of a curved piece of rusty metal in her yard, it is apparent from the testimony of the injured girl and from the type of cut received in this case that a sharp, jagged object and not a curved piece of metal caused the injury herein sued upon.
Additionally, the testimony is unclear as to where Mrs. Johnson saw the piece of metal prior to the accident and where she discovered what looked like the same piece of metal some four months after the accident. Also, a diligent search for the injury-causing object on the day after the accident turned up nothing. We are simply unable to tell from the testimony and evidence in this case what caused the injury suffered by the minor. The evidence certainly does not reveal that Mrs. Johnson breached her homeowner’s duty to keep her premises reasonably safe for those present, nor that she had a duty to warn of the flooded premises. Although the trial judge apparently erred in his finding of fact as to Mrs. Johnson’s knowledge of a piece of metal in the yard, this error did not result in an improper decision.
Conceding for the sake of argument that Mrs. Johnson breached the duty owed to her guest, we are convinced that young Carolyn was contributorily negligent in removing her shoes and attempting to jump the water-filled shallow ditch without knowing what danger lurked beneath the surface.
Therefore, for the above and foregoing reasons, the decision of the trial court is affirmed. The appellant will bear the costs of this appeal.
AFFIRMED.